# United States Court of Appeals

## For the Eighth Circuit

———————————————————

No. 15-3603

———————————————————

In re: Grand Jury Process, John Doe,

*Petitioner.*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: December 1, 2015
Filed: December 28, 2015

——————————

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

An attorney in the Eastern District of Missouri petitions for a writ of mandamus and/or prohibition directing the district court to set aside an order that disqualified counsel from representing three witnesses in a grand jury proceeding and to schedule a hearing to address whether counsel has an unwaivable conflict of interest that necessitates his disqualification. Before the "drastic and extraordinary" remedy of a writ may issue, the petitioner must show that he has no other adequate means to obtain relief, that his right to issuance of the writ is clear and indisputable, and that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). "[O]nly exceptional circumstances amounting to a

judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Id.* at 380 (internal quotations and citations omitted).

According to counsel's petition, he represents three clients in connection with an ongoing federal grand jury investigation. He reports that one client has testified before the grand jury, another was interviewed by agents of the Federal Bureau of Investigation, and the third has information relevant to the investigation. Counsel represents that each client is aware that counsel represents the others, that no known conflicts of interest exist, and that each client has executed a "conflicts waiver." Counsel states, however, that an attorney for the government advised him in July 2015 that she believed counsel had a conflict of interest, and that she would arrange a hearing before the district court to address it.

Counsel says that he next received a letter from the clerk of the district court on September 29, 2015, stating that he was disqualified from representing all three clients in any grand jury proceeding pending before the court. Counsel avers that he then wrote to the chief judge of the district court explaining that neither he nor his clients had participated in a hearing about disqualification of counsel. The next day, counsel reports, he received a telephone call from a district judge explaining that based on a presentation by the government, the judge had concluded that counsel had an unwaivable conflict of interest and directed the clerk to send counsel the aforementioned letter.

In his petition, counsel cites the right of an accused under the Sixth Amendment to the assistance of counsel and asserts that the Sixth Amendment protects the right of a defendant to retain counsel of his choice. Counsel complains that the government obtained an order of disqualification through an *ex parte* submission to the district court, and that he and his clients are entitled to a hearing on whether disqualification is warranted. According to counsel, he and his clients do not

believe that a conflict of interest exists, and that any alleged conflict would be "cured" by waivers.

We requested a response to the petition from the district court, and the court's response alerted us to an eight-page order dated September 28, 2015, in which the district court granted an *ex parte* motion by the government to disqualify counsel based on an unwaivable conflict of interest. In the order, the district court recounted confidential information derived from the grand jury proceedings and found that because counsel cannot effectively advocate for each client concurrently, a conflict of interest exists.

The court then considered whether counsel's clients should be afforded a hearing and an opportunity to make a knowing waiver of the conflict of interest. The court reasoned that a hearing was impractical, because in order to explain the nature of counsel's conflict of interest, the court would be required to breach the secrecy of the grand jury. Maintaining confidentiality of grand jury proceedings, the court observed, protects several important interests of the government and the citizenry. *See In re Grand Jury Investigation*, 610 F.2d 202, 213 (5th Cir. 1980). The court then determined that while the circumstances here did not establish a conflict of such a serious nature that "no rational defendant would knowingly and intelligently desire" the attorney's representation, *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994), the countervailing interest in grand jury secrecy nonetheless justified a finding of an unwaivable conflict of interest. The court reiterated that it would be impossible to hold a hearing without disclosing secret grand jury material, and the court expressed concern that jointly-represented grand jury witnesses should not be able to discover confidential grand jury information through the mechanism of a conflict-of-interest waiver hearing.

The district court recognized that when proceeding without the benefit of an adversarial hearing, the court "must exercise the highest caution in acting to deny a

client the opportunity to be represented by an attorney of his choice and to interfere in the opportunity of an attorney to engage in representing a client." The district court concluded, however, that "under the unique facts of this case," counsel's representation of the three clients must be terminated, and each client must be given the opportunity to employ new counsel before testifying in any grand jury proceeding.

Having reviewed the sealed motion to disqualify filed by the United States Attorney, which includes information derived from secret grand jury proceedings, we are satisfied that counsel does have a conflict of interest in concurrently representing his three clients during proceedings before the grand jury. On the question whether the district court clearly abused its discretion in ordering counsel's disqualification without a hearing, we note first that counsel's clients—as putative grand jury witnesses—do not enjoy a right to counsel under the Sixth Amendment, because none of them is a person "accused" of a crime. *See United States v. Mandujano*, 425 U.S. 564, 581 (1976) (plurality opinion); *In re Grand Jury Investigation*, 182 F.3d 668, 671 (9th Cir. 1999). Although one court has suggested that the Sixth Amendment standards "may also apply in the grand jury context, at least to some extent," *In re Grand Jury Proceedings*, 859 F.2d 1021, 1024 (1st Cir. 1988), while also recognizing "potentially significant" differences, *id.* at 1024 n.4, this court has not applied the Sixth Amendment to a witness who is not an "accused." More appropriate is the Seventh Circuit's conclusion that a grand jury witness's right "is akin to that of parties in civil cases—a right under the due process clause to be free of unjustified interference by the government in a private arrangement between client and lawyer." *In re Schmidt*, 775 F.2d 822, 824 (7th Cir. 1985).

Under that standard, we conclude that the district court's ruling was not a clear abuse of discretion. Grand jury secrecy safeguards a number of important interests, *see Butterworth v. Smith*, 494 U.S. 624, 630 (1990), and we agree with the district court that a hearing to consider possible waivers of counsel's conflict of interest would require a deleterious breach of grand jury secrecy. We cannot say that the

government's interest in secrecy here is minimal, *cf. In re Taylor*, 567 F.2d 1183, 1188 (2d Cir. 1977), *questioned in United States v. Cain*, 671 F.3d 271, 295 n.10 (2d Cir. 2012); the information at issue, in our view, is central to a sensitive ongoing criminal investigation. *Ex parte* proceedings are disfavored, but the district court's approach here was justified by the interest in maintaining grand jury secrecy. We also share the district court's concern that jointly-represented witnesses should not be able to gain information about confidential grand jury proceedings through a hearing on their attorney's conflict of interest. Assuming that a grand jury witness could waive his interest in conflict-free assistance of counsel, *cf. In re Grand Jury*, 446 F. Supp. 1132, 1140 (N.D. Tex. 1978), the district court did not engage in judicial usurpation of power by concluding that no such waiver was feasible or permissible under the circumstances presented here. *Cf. Wheat v. United States*, 486 U.S. 153, 162, 163 (1988) (holding that even where the Sixth Amendment applies, a court presented with an actual conflict of interest has "broad latitude" and may decline a proffer of waiver and insist that multiple defendants be separately represented). Each client, of course, is free to retain different counsel to provide representation in connection with the grand jury proceedings.

The petition for writ of mandamus and/or prohibition is denied.

————————————————